

**SO ORDERED.**

**SIGNED this 14th day of May, 2010.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

# United States Bankruptcy Court
**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| ZACHARY TAYLOR GODFREY & JAIME MAQUET GODFREY | 09-54684-C |
| *DEBTORS* | CHAPTER 7 |
| OOUIS SCHECHTER & ROBERTA SCHECHTER | |
| *PLAINTIFFS* | |
| v. | ADV. NO. 10-5021-C |
| ZACHRY TAYLOR GODFREY; MICHAEL BRAD YUCHINKSKI; & MYARCWORLD, INC. | |
| *DEFENDANTS* | |

### DECISION AND ORDER ON MOTION TO DISMISS UNDER RULE 12(B)(1)

CAME ON for consideration The motion of defendants Yuchinski and MyARCworld to dismiss this action against them for failure of the plaintiff to plead jurisdictional facts against them. The motion in this regard is a one-sentence recitation.

A recent case set out the appropriate approach to consideration of motions to dismiss under Rule 12(b)(1). In *North Harland, LLC v. U.S.*, 309 Fed.Appx. 389 (Fed.Cir. 2009), the court said:

> When a Rule 12(b)(1) motion merely challenges the facial sufficiency of the pleadings to establish subject matter jurisdiction, this court takes the allegations in the pleadings as true and construes them in the light most favorable to the complainant. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). If, however, as here, the motion controverts the jurisdictional allegations in the pleadings, the movant is deemed to be challenging the factual basis for the court's jurisdiction. *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1558-59 (9th Cir.1987). In that case, the allegations in the complaint are not controlling. *KVOS v. Associated Press*, 299 U.S. 269, 277-79, 57 S.Ct. 197, 81 L.Ed. 183 (1936). Thus, in this circumstance, this court accepts only uncontroverted factual allegations as true for purposes of the motion. *Gibbs v. Buck*, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111 (1939). "All other facts underlying the controverted jurisdictional allegations are in dispute and are subject to fact-finding by the district court." *Cedars-Sinai Medical Center v. Watkins*, 11 F.3d 1573, 1584 (Fed.Cir.1993).

*Id.*, at 391-92. The point, then, is that a mere challenge to the factual sufficiency of jurisdictional facts alleged permits the court to evaluate the uncontroverted factual allegations as true, with no need for further factual findings. Here, because the movant has not controverted any of the jurisdictional allegations in the pleadings, it is not necessary to have a hearing on the motion. It is only necessary for the court to evaluate the face of the complaint to determine whether the jurisdictional facts as alleged (if any are) are sufficient to conclude that subject matter jurisdiction extends to the actions asserted against the moving parties.

The complaint recites that the non-debtor defendants are liable to plaintiffs for fraud, violations of Texas and federal securities laws, and common law causes of action such as money had and received. It is further alleged that the actions in question are related to this bankruptcy case and so fall within the ambit of section 1334(b) of title 28. The complaint then details the actions of the debtor and the other defendants in alleging defrauding the plaintiffs, to their detriment.

For an action to be within the subject matter jurisdiction of the federal courts pursuant to the bankruptcy jurisdiction statute, the matter must either arise under title 11 or arise in or be related to a case under title 11. *See* 28 U.S.C. § 1334(b). This complaint is brought against the debtors in order to (1) determine whether the claims on which the plaintiffs' action are based are excepted from the reach of the debtors' discharge in bankruptcy and (2) liquidate the resulting claims against the defendant debtors. That aspect of the complaint falls within the subject matter jurisdiction of the federal courts pursuant to section 1334(b). *See In re Morrison*, 555 F.3d 473, 478-79 (5th Cir. 2009). The Fifth Circuit there concluded, on pragmatic grounds, that the entry of a judgment on a claim that a bankruptcy court has found to be nondischargeable falls within the court's related to jurisdiction under section 1334(b). *See id.* It could have reached the same conclusion on a plain reading of the statute itself, however. Section 1334(b) says that the federal courts have subject matter jurisdiction over, *inter alia*, "civil proceedings ... arising in or related to *cases* under title 11." 28 U.S.C. § 1334(b) (emphasis added). Numerous courts at the circuit level, including this circuit, in construing this language, have substituted the word "estate" for the word "case" as found in the statute, and in the process have created for themselves difficult procedural and practical conundrums with which those courts continue to struggle even today. *See, e.g.*, *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984) (defining "related to" jurisdiction as encompassing matters whose outcome could have any conceivable effect on the *estate* being administered in bankruptcy); *Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987) (adopting the *Pacor* test as the rule in the Fifth Circuit); *Matter of Craig's Stores, Inc.*, 266 F.3d 388, 391 (5th Cir. 2001) (finding that the use of the word "estate" in the *Pacor* definition necessarily constricted the federal court's bankruptcy jurisdiction after confirmation of a chapter 11 plan, because confirmation revests property of the estate in the reorganized debtor and the estate then ceases to exist); *In re Resorts International, Inc.*, 372 F.3d

154, 165 (3rd Cir. 2004) (finding it necessary to craft an extension of the *Pacor* test for post-confirmation jurisdiction in light of cases such as *Craig's Stores*); *In re Seven Fields Development Corp.*, 505 F.3d 237, 243 (3rd Cir. 2007) (suggesting that the *Resorts Int'l* extension might not be necessary when a post-confirmation action also can be described as a "core" proceeding). Had the circuit courts simply hewed to the statute's own terminology, much of this jurisdictional acrobatics would not be needed. There are many sorts of things that might be related to a "case," even though they might have little if anything to do with the administration of an "estate." *See In re Simmons*, 205 B.R. 934, 837 (Bankr. W.D.Tex. 1997) (giving examples). Certainly, granting a judgment on a claim that is the subject of a dischargeability action is related to the bankruptcy case, though it in all likelihood has nothing to do with the administration of the estate (the trustee is not even a party to the lawsuit, and is so not bound by its judgment).

The problem for the plaintiff here is that the actions brought against the third party defendants are not related to the bankruptcy case of the debtors. The best connection one could hope to establish would be one premised on supplemental jurisdiction. That, however, is a different animal entirely, a statutory enactment of the judicially developed doctrines of ancillary and pendent jurisdiction used to permit federal courts to entertain non-federal actions usually in diversity cases. *See* 13 WRIGHT & MILLER, FED. PRACT. & PROC. 3d, § 3523 (Thomson West 2008). The Fifth Circuit has indicated its preference that supplemental jurisdiction as set out in section 1367 of title 28 not be imported through the back door of section 1334(b). *See Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 569 (5th Cir. 1995). This court is bound by that precedent.

Lacking that route, there is no other realistic basis for concluding that plaintiffs' actions against these defendants (the movants here) relate to the debtors' bankruptcy case. Thus, taking as true the jurisdictional facts as pleaded by the plaintiffs, the court is constrained to find that it has no

subject matter jurisdiction arising under section 1334(b) of title 28 over the actions urged against the moving defendants here. Thus, the motion to dismiss as to those defendants is, by this decision and order, granted.

# # #